UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

v.                                                      NO. 12-1

DERRICK SMOTHERS                                        SECTION "F"

ORDER AND REASONS

Before the Court is the defendant Derrick Smothers' pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the motion is DENIED.

I.

On October 12, 2016, this Court sentenced Derrick Smothers to 235 months' imprisonment for crimes relating to his membership in the Hankton Group, a criminal enterprise involved in murder, bribery, money laundering, and drug trafficking.[1] Now, with roughly forty percent of his sentence remaining, Smothers moves for compassionate release in light of the COVID-19 pandemic.

Because the Government concedes that Smothers has exhausted his administrative rights to appeal the Bureau of Prisons' refusal

---

[1] To be specific, Smothers pled guilty to conspiracy to violate the Federal RICO Act and conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base.

1

to bring a motion on his behalf, the sole and dispositive issue raised by Smothers' motion is whether "extraordinary and compelling reasons warrant [Smothers' proposed sentence reduction]," "after considering the factors set forth in section 3553(a) to the extent they are applicable."  See 18 U.S.C. § 3582(c)(1)(A)(i).

## II.

As is now conventionally understood, the continued spread of COVID-19 poses at least some health risk to *all* Americans, whether incarcerated or not.  In this unfortunate but increasingly familiar reality, when a defendant moving for compassionate release cannot persuasively demonstrate an affirmative likelihood that the pandemic places him at a particularly greater risk than a typical law-abiding citizen in general society, a judicial reduction of his validly imposed sentence will seldom be warranted by "extraordinary and compelling reasons."

Such is the case here.  As detailed below, Smothers' proposed sentence reduction is not warranted by extraordinary and compelling reasons because Smothers has failed to demonstrate that COVID-19 places him at a particularly significant risk of suffering severe medical harm.  Moreover, consideration of the § 3553(a) factors and the probable effect Smothers' early release would have on society confirm this finding.

A.

Apart from generalized concerns about contracting COVID-19,[2] Smothers cites his hypertension, obesity, and elevated A1C level as medical conditions making him particularly susceptible to the virus.  The Government reads Smothers' medical records differently, concluding that Smothers merely suffers from hypertension that is successfully managed by medication and skin and scalp problems.  Compare Mot. at 2–3, with Opp. at 11.  For present purposes, the Court takes Smothers' claims about his own health at face value and assumes arguendo that Smothers is indeed ailed by hypertension, obesity, and an A1C level of 5.8 (pre-diabetes).

Neither of Smothers' alleged medical conditions place him at a significantly heightened risk of dire COVID-19 complications. Indeed, as another section of this court has noted, "courts have found that hypertension does not amount to an extraordinary or compelling reason for release." United States v. Chambers, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) (collecting cases). And the same goes for obesity and pre-diabetes, which, while generally understood to heighten an individual's susceptibility to

---

[2]   As courts have repeatedly held, generalized concerns about the spread of COVID-19 do not justify compassionate release. See, e.g., United States v. Williams, 2020 WL 5311383, at *1 (E.D. La. Sept. 4, 2020).

3

COVID-19, do not place an individual's life or limb at a sufficiently severe risk to be deemed "extraordinary and compelling" under the delicate balancing test imposed by § 3582(c)(1)(A)(i).  The extensive precautionary measures the BOP has instituted in response to the pandemic further limit the relative risk Smothers faces due to the pandemic.  See Opp. at 2-6.

B.

An equally important consideration under § 3582(c)(1)(A)(i)'s balancing test is the health and safety of the law-abiding public. This factor weighs against Smothers' early release as well, given Smothers' involvement in a violent criminal enterprise that trafficked untold quantities of dangerous drugs.

As the Government notes, Smothers' criminal history is long and troubling.  Smothers' first conviction – for possession of stolen property - occurred when he was just 15.  From there, his rap sheet grew to include a variety of drug and weapons arrests, and even an arrest for attempted first-degree murder.  See id. at 19-20.  Smothers' instant conviction relates to his involvement in a group that menaced New Orleans with violence and sophistication – and flooded the streets with illegal drugs that surely caused many others medical harm.  See, e.g., United States v. Hankton, 2020 WL 6469978, at *1 (E.D. La. Nov. 3, 2020) (further detailing the group's criminal operations).

4

Thus, it is possible – if not likely - that Smothers "would be a danger to the community if released." United States v. Mazur, 457 F. Supp. 3d 559, 565 (E.D. La. 2020).

\*   \*   \*

In sum, the facts before the Court do not suggest that COVID-19 poses a greater threat to Smothers than Smothers poses to society.  Thus, the Court finds no "extraordinary and compelling reasons" for granting Smothers' proposed sentence reduction.

Accordingly, IT IS ORDERED: that the defendant's motion is DENIED without prejudice to the defendant's ability to re-file as changing circumstances may warrant.

New Orleans, Louisiana, November 17, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE